UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : Civ. A. No. _____ |
| | : |
| v. | : **COMPLAINT** |
| | : |
| RANGE PRODUCTION COMPANY, | : |
| a Delaware Corporation; and | : |
| RANGE RESOURCES CORPORATION, | : |
| a Delaware Corporation, | : |
| | : |
| Defendants. | : |

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

NATURE OF THE CASE

1. This is a civil action for injunctive relief and civil penalties pursuant to Section 1431(b) of the Safe Drinking Water Act ("SDWA" or "the Act"), 42 U.S.C. § 300i(b). Specifically, this civil action seeks to (a) require defendants Range Production Company and Range Resources Corporation (collectively, "Range" or "Defendants") to achieve and maintain compliance with an Emergency Administrative Order issued by the EPA, pursuant to Section 1431 of the SDWA, 42 U.S.C. § 300i, on December 7, 2010 ("Emergency Order"); and (b) obtain civil penalties to redress Range's continuing violations of the Emergency Order. A true and correct copy of the Emergency Order, dated Dec. 7, 2010, is attached hereto as Exhibit A.

JURISDICTION AND VENUE

2.  This Court has jurisdiction over the parties and the subject matter of this action under 28 U.S.C. §§ 1331, 1345, and 1355, as well as Section 1431 of the Act, 42 U.S.C. § 300i.  This Court has personal jurisdiction over Defendants because Range is located in this district.

3.  Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1395(a), and Section 1431(b) of the Act, 42 U.S.C. § 300i(b), because the Defendants are located in this district and the events or omissions giving rise to this action occurred in this district.

PARTIES

4.  Plaintiff is the United States of America, acting by the authority of the Attorney General and on behalf of the Administrator of the EPA.

5.  Range Production Company and Range Resources Corporation (collectively "Range" or "Defendants") are corporations organized under the laws of the State of Delaware and are registered to do business in Texas.  Range is engaged in the exploration, development, and acquisition of gas-bearing properties, including some gas-bearing properties located adjacent to drinking water wells in Parker County and Hood County, Texas.  Range Production Company and Range Resources Corporation may be served through their registered agent, David P. Poole, 100 Throckmorton Street, Ste. 1200, Fort Worth, Texas 76102.

6.  Range acknowledged receiving the Emergency Order on December 7, 2010.

<u>STATUTORY AND REGULATORY FRAMEWORK</u>

7.  Pursuant to the authority under Section 1412 of the SDWA, 42 U.S.C. § 300g-1, EPA has promulgated National Primary Drinking Water Regulations ("NPDWRs") setting maximum contaminant levels for specified drinking water contaminants.  The term "maximum contaminant level" is defined in Section 1401(3) of the SDWA, 42 U.S.C. § 300f(3), as the "maximum permissible level of a contaminant in water which is delivered to any user of a public water system."

8.  Under Section 1413 of the SDWA, 42 U.S.C. § 300g-2, States may obtain primary responsibility for administering and enforcing federally-mandated standards, including the NPDWRs, provided that the State satisfy certain statutory requirements.

9.  In the State of Texas, the Texas Commission on Environmental Quality ("TCEQ") has primary enforcement responsibility for the SDWA.  42 U.S.C. § 300g-2.

10.  TCEQ and the Railroad Commission of Texas ("TRRC") have entered into a Memorandum of Understanding concerning the commissions' division of responsibility for matters which arise under overlapping jurisdictions of different statutes.  <u>See</u> 16 T.A.C. § 3.30.

11.  Even if a State has obtained primary responsibility for administering and enforcing EPA's standards, EPA retains the authority to issue emergency administrative orders pursuant to the emergency powers provision of Section 1431(a) of the SDWA, 42 U.S.C. §300i(a).

12.  Section 1431(a) of the SDWA, 42 U.S.C. § 300i(a) reads, in pertinent part:

> Notwithstanding any other provision of this subchapter, the Administrator, upon receipt of information that a contaminant which is present in or is likely to enter a public water system or an underground source of drinking water, . . . which may present an imminent and substantial endangerment to the health of persons, and that appropriate State and local authorities have not acted to

protect the health of such persons, may take such actions as he may
deem necessary in order to protect the health of such persons.

13.  Pursuant to Section 1431 of the SDWA, 42 U.S.C. § 300i, the United States may
bring a civil judicial action to require compliance with an emergency administrative order issued
by the EPA, as well as to seek civil penalties for violations of such order.

14.  Section 1431 of the SDWA, 42 U.S.C. §300i(b), provides that any person who
violates or fails or refuses to comply with an emergency administrative order issued by EPA may
be subject to a civil penalty of not more than $16,500 for each day in which such violation
occurs or failure to comply continues after January 12, 2009.  See Debt Collection Improvement
Act of 1996, Pub. L. No. 101-134, and 40 C.F.R. § 19.4 (Table).

BACKGROUND AND GENERAL ALLEGATIONS

15.  Range is engaged in the production of natural gas from the Barnett Shale Formation,
located in and around the Fort Worth, Texas area.

16.  By mid to late 2009, Range drilled and completed well stimulation operations at –
and began producing natural gas from – two gas extraction wells known as the Butler 1-H well
("Butler Well") and the Teal 1-H well ("Teal Well") in the Newark East (Barnett Shale) Field.

17.  The Butler and Teal Wells are located on a shared surface site and were identified by
TRRC as two gas wells that terminate within a 1/4 mile radius of a domestic drinking water well
("Lipsky Well").  Both the Butler and Teal Wells consist of vertical wellbores, which extend for
more than 5,800 in depth before continuing in a generally horizontal direction for several more
thousand feet.

18.  TRRC identified no other active gas wells within a ½ mile radius of the Lipsky Well.

4

19.  Two domestic drinking water wells, the Hayley Well and the Lipsky Well, were drilled in 2002 and 2005, respectively.  The Hayley Well is located approximately 470 feet in horizontal distance from the track of the lateral wellbore of the Butler Well; the Lipsky Well lies approximately 120 feet in horizontal distance from the track of the lateral wellbore of the Butler Well.

20.  The drilling records prepared contemporaneously with the construction of the Hayley and Lipsky water supply wells do not indicate the presence of natural gas in the wells (including methane).

21.  At some point in time between September 2009 and September 2010, the Hayley residence experienced a lack of water pressure from its water supply well.

22.  From approximately mid 2005 through late 2009, the Lipskys used water from the Lipsky Well for residential and agricultural purposes, without noticing problems with water quality.

23.  Recent water samples from the Hayley and Lipsky Wells reveal the presence of contamination, including methane.  Additional analysis of the gas recovered from the Lipsky Well indicate that it is thermogenic natural gas, the kind formed by geologic processes deep within the earth.

24. The Hayley Well sample indicated the presence of methane, ethane, and propane, while the Lipsky Well sample indicated the presence of elevated levels of dissolved methane, ethane, propane, benzene, toluene, and hexane.

25. Beginning in or around August 2010 and continuing through December 7, 2010, EPA received and considered information, such as that noted above, as well as (but not limited

to) gas well drilling permit applications, plugging records, and other oil and gas well information recorded in documents of the Oil and Gas Division of the TRRC; water well location information from the Water Information Integration & Dissemination System of the Texas Water Development Board relating to residential and public water supply wells; well water laboratory test results; and other water and gas sampling analyses (including comparative gas analysis and isotopic fingerprinting analysis).

26.   Upon the information before it, including but not limited to any actions taken by the appropriate State and local officials, EPA determined that the contaminants identified in the Emergency Order "may present an imminent and substantial endangerment to the health of persons because methane in the levels found by EPA are potentially explosive or flammable, and benzene if ingested or inhaled could cause cancer, anemia, neurological impairment and other adverse health impacts."  (See Emergency Order Para. 41).

27.   On December 7, 2010, EPA memorialized its findings in an Emergency Administrative Order issued to Range under Section 1431 of the Safe Drinking Water Act, 42 U.S.C. § 300i(a), in which EPA determined expressly that the contamination in two domestic water wells that draw water from the Trinity Aquifer may present an imminent and substantial endangerment to the health of persons.

28.   In the Emergency Order, EPA also found that appropriate State and local authorities, including TRRC, had not taken sufficient action to address the endangerment.  (See Emergency Order Para. 40).

29.   Based on findings in the Emergency Order and pursuant to Section 1431 of the SDWA, 42 U.S.C. § 300i, the Emergency Order requires Range to perform six Ordered

6

Provisions.  (Emergency Order Paras. 50(A) through 50(F)).

30. Range disputes the validity of the Emergency Order.  Range has explained it will not comply with a number of the directives of the Emergency Order, _e.g._, Paragraphs 50(D), (E), and (F).

ALLEGED VIOLATIONS

31.  Range has and will violate a number of the requirements of the Emergency Order. As a result, the contaminants identified in the Emergency Order may pose an imminent and substantial endangerment to the health of persons.  42 U.S.C. § 300i.

32.  Specifically, Range already has failed or has reported to EPA that Range will fail to comply with the following requirements of the Emergency Order:

(i) within five (5) days of receipt of the Emergency Order, submit to EPA a survey of all private water wells within 3,000 feet of the Butler and Teal wellbore tracks and all of Lake Country Acres' public water supply system wells, together with a sampling plan for EPA's approval to determine if any of the identified wells have been impacted (Emergency Order Para. 50(D));

(ii) within fourteen (14) days of receipt of the Emergency Order, submit to EPA for approval a plan to conduct soil gas surveys and indoor air concentration analyses for the properties and dwellings serviced by Domestic Wells 1 and 2 (Emergency Order Para. 50(E));

(iii) within sixty (60) days of receipt of the Emergency Order Range must develop and submit to EPA for approval a plan to

(1) identify gas flow pathways to the Trinity Aquifer;

(2) eliminate gas flow to the aquifer, if possible; and

(3) remedy the areas of the aquifer that have been affected

(Emergency Order Para 50(F)).


## FIRST CLAIM FOR RELIEF
### (Injunctive Relief)

33.   Paragraphs 1 through 32 are re-alleged and incorporated by reference as if fully set forth below.

34.   Pursuant to Section 1431 of the SDWA, 42 U.S.C. § 300i, the United States seeks permanent injunctive relief to require Range to comply with Ordered Provisions 50(D), (E), and (F) of the Emergency Order.

35.   To date, Range has not complied with these requirements of the Emergency Order. As a result, the contaminants identified in the Emergency Order, which are present in the underground source of drinking water, may pose an imminent and substantial endangerment to the health of persons, in violation of the SDWA.  42 U.S.C. § 300i.

36.   Therefore, unless permanently enjoined, Range will continue to violate the Emergency Order.

## SECOND CLAIM FOR RELIEF
### (Civil Penalty)

37.   Paragraphs 1 through 36 are re-alleged and incorporated by reference as if fully set forth below.

38.   Range has violated the Emergency Order.  Pursuant to Section 1431(b) of the SDWA, 42 U.S.C. § 300i(b), and the Debt Collection Improvement Act of 1996, Pub. L. No.

101-134, and 40 C.F.R. § 19.4 (Table), Range is liable for a civil penalty not to exceed $16,500 for each day of each violation.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America requests that this Court grant it relief as follows:

(1) Direct Range to comply with the Emergency Order Paragraphs 50 (D), (E), and (F);

(2) Enter judgment against Range and in favor of the United States for civil penalties up to the amount of $16,500 for each day of each such violation of Emergency Order Paragraphs 50 (D), (E), and (F); and

(3)  Grant the United States such further relief as is just and appropriate.

Respectfully submitted,

JAMES T. JACKS
UNITED STATES ATTORNEY

s/Katherine Savers McGovern

Dated: January 18, 2011
_____
KATHERINE SAVERS MCGOVERN
Assistant United States Attorney
Texas State Bar No. 13638020
1100 Commerce Street, Suite 300
Dallas, TX  75242
(214) 659-8650 (tel)
(214) 767-2916 (fax)
katherine.mcgovern@usdoj.gov

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

s/Keith T. Tashima

Dated: January 18, 2011

_____
JEFFREY K. SANDS
Senior Attorney
Maryland State Bar No. 199412150130
KEITH T. TASHIMA
Trial Attorney
New York State Bar No. 3938701
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, DC 20044-7611
(202) 514-3908 (Sands)
(202) 616-9643 (Tashima)
(202) 616-2427 (fax)
jeffrey.sands@usdoj.gov
keith.tashima@usdoj.gov

OF COUNSEL:

SCOTT McDONALD
Chief, Water Enforcement Branch
TUCKER HENSON
Assistant Regional Counsel, Water Enforcement Branch
Office of Regional Counsel
U.S. Environmental Protection Agency, Region VI
1445 Ross Avenue, Suite 1200
Dallas, TX 75202
(214) 665-2718 (McDonald)
(214) 665-8148 (Henson)