### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:11-cv-00116-F** |
| | § | |
| **RANGE PRODUCTION COMPANY,** | § | |
| **A Delaware Corporation; and** | § | |
| **RANGE RESOURCES CORPORATION,** | § | |
| **A Delaware Corporation,** | § | |
| | § | |
| **Defendants.** | § | |

## SUPPLEMENTAL APPENDIX IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

TO THE HONORABLE ROYAL FURGESON, UNITED STATES DISTRICT JUDGE:

Defendants Range Production Company and Range Resources Corporation ("Defendants") file this Supplemental Appendix in support of their Motion to Dismiss for Lack of Subject Matter Jurisdiction. The Supplemental Appendix contains true and correct copies of the following described and indexed documents:

### INDEX

| Document | Page No. |
|---|---|
| Additional Excerpts from the January 25, 2011 deposition of John Blevins | 109-110 |
| Email dated January 20, 2011 from Brian Lynk to Steve Ravel | 111 |
| Correspondence dated January 20, 2011 from Brian Lynk to J. Stephen Ravel | 112-115 |

Respectfully submitted,

David P. Poole, General Counsel
State Bar No. 16123750
Range Production Company
100 Throckmorton St., Suite 1200
Fort Worth, Texas  76102
Tel. 817.869.4254
dpoole@rangeresources.com

HARRIS, FINLEY & BOGLE, P.C.
Andrew D. Sims
State Bar. No. 18415600
Russell R. Barton
State Bar. No. 01857250
777 Main Street, Suite 3600
Fort Worth, Texas  76102
Tel. 817.870.8700
Fax 817.332.6121
Asims@hfblaw.com
Rbarton@hfblaw.com

KELLY HART & HALLMAN LLP
Dee J. Kelly
State Bar No. 11217000
201 Main Street, Suite 2500
Fort Worth, Texas  76102
Tel. 817.332.2500
Fax 817.878.9280
dee.kelly@kellyhart.com

KELLY HART & HALLMAN LLP
301 Congress Avenue, Suite 2000
Austin, Texas  78701
Tel. 512.495.6400
Fax 512.495.6401


By:      */s/ J. Stephen Ravel*
         J. Stephen Ravel
         State Bar No. 16584975
         Steve.Ravel@kellyhart.com
         Diana L. Nichols
         State Bar No. 00784682
         diana.nichols@kellyhart.com

ATTORNEYS FOR DEFENDANTS, RANGE RESOURCES
CORPORATION AND RANGE PRODUCTION COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the forgoing document was served as indicated below on this the 23rd day of May, 2011, as follows:

**Via E-Mail: katherine.mcgovern@usdoj.gov**
**& U.S. First Class Mail**
Katherine S. McGovern
Assistant United States Attorney
1100 Commerce Street, Suite 300
Dallas, Texas  75242

**Via E-Mail:  lynette.wilson@usdoj.gov**
**& U.S. First Class Mail**
Lynette S. Wilson
U.S. Attorney's Office
1100 Commerce St., Suite 300
Dallas, Texas  75242

**Via E-Mail:  henson.tucker@epamail.epa.gov**
**& U.S. First Class Mail**
Tucker Henson
U.S. EPA Region VI
Office of Regional Counsel (6RC-EW)
1445 Ross Avenue, Suite 1200
Dallas, Texas  75202

**Via E-Mail:  bradley.levine@usdoj.gov**
**& U.S. First Class Mail**
Bradley L. Levine
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, DC  20044-7611

**Via E-Mail:  keith.tashima@usdoj.gov**
**& U.S. First Class Mail**
Keith T. Tashima
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611 Ben Franklin Station
Washington, DC  20044-7611

*/s/ J. Stephen Ravel*
J. Stephen Ravel

301

Q.    And, in fact, you didn't understand the
pathway and you still don't understand the
pathway, correct?

A.    That was not what we needed to issue
the order on.

Q.    Well, that's your say-so and --

A.    Okay.

Q.    -- I'll submit that that's a legal
conclusion.  But you didn't understand the
pathway; you don't understand the pathway; you
may never understand the pathway unless EPA
actually goes out and does some investigation,
correct?

            THE WITNESS:

                Unless somebody goes out and

302

1    collects extra data, yes.

2    EXAMINATION BY MR. RILEY:

3        Q.    Okay.   And you'd like that to be Range?

4        A.    We've order Range to do that, yes.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**From:** Lynk, Brian (ENRD) [mailto:Brian.Lynk@usdoj.gov]
**Sent:** Thursday, January 20, 2011 5:38 PM
**To:** Steve Ravel; astewart@allenstewart.com; dbarrett@toase.com; dritter@toase.com;
djackson@jacksonsjoberg.com; asims@hfblaw.com; Riley, John; Moore, Bryan; Andrew Weber; Poole,
David (Range Resources Corp)
**Cc:** Castillo, Daniel (USATXW); McGovern, Katherine (USATXN); Arnold.Tina@epamail.epa.gov
**Subject:** RE: Letter of today's date concerning EPA deposition

　　　P.S. – First transmission of portions of the certified administrative record.

---

**From:** Lynk, Brian (ENRD)
**Sent:** Thursday, January 20, 2011 6:34 PM
**To:** 'Steve Ravel'; astewart@allenstewart.com; dbarrett@toase.com; dritter@toase.com;
djackson@jacksonsjoberg.com; asims@hfblaw.com; jriley@velaw.com; bmoore@velaw.com; Andrew
Weber; David P. Poole
**Cc:** Castillo, Daniel (USATXW); McGovern, Katherine (USATXN); 'Arnold.Tina@epamail.epa.gov'
**Subject:** Letter of today's date concerning EPA deposition

　　　Steve.

　　　Please find attached my letter of today's date and two of its enclosures.  The remaining enclosures
(a series of pdfs constituting EPA's complete, certified administrative record for the December 7, 2011
Emergency Order) will be delivered by separate email transmission as explained in the letter.

　　　The letter seeks responses on several issues by 2PM CT tomorrow.  I apologize for the short turn-
around, but the necessity for it is explained in the letter.

　　　Best regards,

　　　Brian H. Lynk
　　　Trial Attorney
　　　Environmental Defense Section
　　　U.S. Department of Justice
　　　(202) 514-6187

---

**From:** Steve Ravel [mailto:steve.ravel@kellyhart.com]
**Sent:** Wednesday, January 19, 2011 1:59 PM
**To:** Lynk, Brian (ENRD); astewart@allenstewart.com; dbarrett@toase.com; dritter@toase.com;
keith.barton@rrc.state.tx.us; djackson@jacksonsjoberg.com; asims@hfblaw.com; jriley@velaw.com;
bmoore@velaw.com; Andrew Weber; David P. Poole
**Cc:** Castillo, Daniel (USATXW)
**Subject:** RE: Today's filings in Range Production Company v. Environmental Protection Agency (W.D.
Tex.)

Brian,

Would you please forward the name  of the Agency's designee  for next Tuesday,  January 25th's  Court
ordered deposition no later than 5pm prevailing central time tomorrow, January 20?

Thank you.

FW: Letter of today's date concerning EPA deposition



**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Brian H. Lynk*
*Environmental Defense Section*
*P.O. Box 23986*
*Washington, DC  20026-3986*

*Telephone (202) 514-6187*
*Facsimile (202) 514-8865*
*brian.lynk@usdoj.gov*

January 20, 2011

**BY EMAIL**
J. Stephen Ravel, Esq.
Kelly Hart & Hallman LLP
301 Congress Ave., Suite 2000
Austin, TX  78701
steve.ravel@kellyhart.com

     Re:   <u>Range Prod. Co. v. EPA</u>, Case No. A-11-CA-011-LY (W.D. Tex.)

Dear Steve:

     I write concerning the Court's order of yesterday's date in the above-referenced case, and the plans for a deposition pursuant to that order.  As discussed below, as an initial matter I wish to bring circumstances to your attention which indicate that a deposition is no longer necessary based on Range's representations and the concerns expressed by the Court during Tuesday's hearing.[1/]  Alternatively, in the event the deposition goes forward, I seek your response to my proposals below regarding the timing and scope of the deposition.  I ask that you respond by 2PM CT/3PM ET tomorrow afternoon, so that there will be time to call the Court before the close of business tomorrow if necessary.

     I apologize for requesting such an expedited response, but given the logistics of preparing for the deposition on short notice (and with the lead DOJ counsel traveling from Washington, D.C. to Dallas), we need to resolve the issues below by tomorrow if possible.

     1.  <u>Production of the certified administrative record makes a deposition unnecessary.</u>

     At Tuesday's hearing, the Court ordered a deposition based on its conclusion that, although Range would have a fair opportunity in the course of <u>federal</u> judicial review by the Fifth Circuit to contest the factual basis for EPA's December 7th Emergency Order, it might not be

---

[1/]As the Court acknowledged during the hearing, it remains EPA's contention that the order requiring EPA to appear for a deposition was in error for the reasons asserted in EPA's brief and during the oral argument, and our participation in planning for the deposition does not constitute a waiver of any EPA's objections to the order.  Further, while this letter discusses the ground rules for the mandated deposition, the United States has not yet made a final determination on whether to appeal the order.

equipped to contest that factual basis in the context of the Railroad Commission proceeding because of timing. See Motion Hearing Transcript ("Tr.") at 43 ("What Range is concerned about is . . . being faced with information which may be relied upon by the Railroad Commission which may be no more than a copy of the final EPA order and not having an opportunity for purposes only of the Texas proceeding, not the federal proceeding, to find out what was involved."). The Court accepted the government's representation that EPA had, prior to the motion hearing, given Range "the bulk" of the material that makes up the administrative record for the Emergency Order, but EPA had not yet produced the entirety of the record.

With this letter, I am forwarding you the complete, certified administrative record for the Emergency Order.[2] This means you now have <u>all</u> of the material that constitutes the factual basis for the findings and conclusions in the Emergency Order, and indeed, <u>all</u> of the factual material that DOJ will be permitted to rely on in defending the merits of the Emergency Order in the Fifth Circuit petition for review, which I understand Range has filed today. See, e.g., Medina County Envt'l Action Ass'n v. Surface Transp. Bd., 610 F.3d 687, 706 (5th Cir. 2010) ("When reviewing an agency action under the APA, we review 'the whole record or those parts of its cited by a party.") (quoting 5 U.S.C. § 706); accord, e.g., W.R. Grace & Co. v. EPA, 261 F.3d 330, 338 (3d Cir. 2001) (review of EPA's emergency orders under the SDWA is based on the administrative record and subject to the APA standard); Trinity American Corp. v. EPA, 150 F.3d 389, 395 (4th Cir. 1998) (same).

There can no longer be any suggestion that Range presently lacks the means that will be available to it in the 5th Circuit to challenge the Emergency Order on factual grounds. The Tenth Circuit made clear in Medina County that no supplementation of the certified record – even with additional documents, let alone deposition testimony – is permitted for purposes of APA review barring "exceptional circumstances." 610 F.3d at 706 (describing those circumstances).[3] Moreover, courts have made clear that these limits on what a claimant may rely on to challenge an emergency order apply equally to the government's defense of the order. That is, just as Range could not rely on a witness' after-the-fact testimony as basis for the Fifth Circuit to set aside the emergency order, EPA could not rely on such testimony as a basis for upholding the emergency order. See W.R. Grace, 261 F.3d at 338 ("[A]n agency's order must be upheld on the same basis articulated in the order by the agency itself," and the court may not accept "post-hoc rationalizations.").

_____

[2] I am sending the record, including the signed certification, in pdf format. Because it was delivered to me in a number of separate pdf files, I will follow this letter with several additional email transmissions attaching the record.

[3] While EPA does not concede that the Court had jurisdiction to determine if such "exceptional circumstances" are present here – that is for the Fifth Circuit to decide, if Range seeks to supplement the administrative record for purposes of its petition for judicial review – it should be noted that the Court did not make any such finding at the hearing.

Page 2 of 4

Finally, I have also enclosed the transcript from the first day of the Railroad Commission hearing. It does not appear from that transcript that the lack of testimony from EPA has in any way impeded Range from presenting its defenses to the Commission.

In summary, having received the complete administrative record for the Emergency Order, there is no longer any basis to conclude that EPA witness testimony is necessary to enable Range to "defend against" that Order in the context of the Railroad Commission proceeding. We believe this change in circumstances, as well as the Court's apparently having overlooked that requiring a deposition necessarily departs from the limitations of record review that will apply in the Fifth Circuit action, warrants reconsideration of the Court's order requiring a deposition. Please let me know by tomorrow if Range is willing to forego the deposition, or if, alternatively, Range would oppose a motion for reconsideration on the above-summarized grounds.

2. Alternatively, the scope of the deposition needs to be clarified.

The Court's order states that the deposition is to cover the "information known or reasonably available to [EPA] that was requested in the subpoenas." Order at 2. However, as you are aware, the subpoenas ad testificandum that Range served on EPA did not "describe with reasonable particularity the matters for examination," as would be required under Federal Rule of Civil Procedure 30(b)(6); indeed, they did not identify any topics for examination. Thus, they do not in any way define the intended subject-matter of the requested testimony.

At the hearing, the Court was more direct in asking Range specifically what questions or categories of questions it wished to ask at the proposed deposition. These were narrowed to the following specific topics (Tr. at 54-55):

| | |
|---|---|
| Mr. Ravel: | Let me tell you exactly what I think I need to know, Judge, and why these people know it. |
| The Court: | All right. |
| Mr. Ravel: | One of the thrusts of their order is that they didn't run one set of tests that said the gas in the wells is consistent with deep gas, not surface gas. And they ran with that conclusion. I want to know all the tests they ran, what methodology they used, the qualification of the people that used it, that did it, and I want them to tell me what tests they didn't do. |

These topics were identified after the Court expressed concern that, absent specific information regarding the topics of interest to Range, the deposition could devolve into a fishing expedition. However, they do not serve us well as guidance regarding the scope of the deposition because – as has been explained to me by EPA counsel – the findings and conclusions in the Emergency Order are different than the conclusion that Range seems to be attributing to EPA in this description. Moreover, it is unclear whether Range seeks to confirm what data and analysis EPA actually relied upon, or whether it seeks testimony more broadly discussing all of the possible tests or methodologies Range believes were available to EPA (which would go beyond simply enabling Range to understand the actual basis for the Emergency Order, and thus appears to exceed the limits of what the Court concluded was necessary). Therefore, this colloquy by

itself will not enable the designated witness to adequately prepare to testify regarding "EPA's knowledge."

In order to minimize the witness' burden of preparation, and to ensure that the deposition does not become a fishing expedition as the Court feared, we ask that you provide us a list of examination topics. Ideally, we ask that you do so by 2PM tomorrow. If that is not feasible – and since we seek your agreement below to move the deposition date to the following week – please let us know by what later date you could provide the list.

3. We also request an alternate date for the deposition if it goes forward.

Subject to clarifying the scope of the deposition as requested above, EPA at this time anticipates that it will designate John Blevins, Director of the Compliance Assurance and Enforcement Division for EPA Region 6 – and the official who signed the Emergency Order – as the witness who will testify for the Agency if the deposition goes forward. Mr. Blevins, however, has made previous commitments to attend and speak at a conference in New Orleans scheduled for next Monday through Wednesday. Following that conference, he would need a reasonable amount of time to prepare so that he is able to testify regarding "the Agency's" knowledge on the pertinent topics. For these reasons, he is not available for deposition on January 25, 2011, but would be available the following Tuesday, February 1st. Accordingly, please let me know if Range will agree not to oppose modification of the Court's order to allow the deposition to take place on Tuesday, February 1st instead of on January 25th.

As stated above, I seek your responses to each of the above proposals or requests by 2PM CT tomorrow (Friday, January 21st), so that, if the parties are in disagreement, we may call the Court tomorrow afternoon to resolve these matters.

I look forward to your prompt responses.

Sincerely,

Brian H. Lynk
Trial Attorney
Environmental Defense Section

cc:   Tina Arnold, Office of Regional Counsel, EPA Region 6
      Daniel Castillo, Assistant United States Attorney, Western District of Texas
      Katherine McGovern, Assistant United States Attorney, Northern District of Texas

Enclosures
(1) Certified Administrative Record for EPA's Emergency Order dated December 7, 2010
(2) Transcript of January 18, 2011 Motion Hearing before Judge Yeakel in Range Prod. Co. v. EPA, (W.D. Tex.)
(3) Transcript of January 19, 2011 Hearing before the Railroad Commission of Texas